Benjamin PUPA, Plaintiff-Appellee,

v.

Ronnie THOMPSON, Mayor of the City of Macon, et al., Defendants-Appellants.

No. 74-2505.

United States Court of Appeals, Fifth Circuit.

Aug. 15, 1975.

Manley F. Brown, H. T. O'Neal, Jr., Lamar W. Sizemore, Jr., Macon, Ga., for defendants-appellants.

Carl J. Wilson, Jr., Macon, Ga., for plaintiff-appellee.

Before COLEMAN, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

On January 24, 1973, this Court decided Block v. Thompson, 5 Cir., 1973, 472

---

F.2d 587. We there held that an Ordinance of the City of Macon, Georgia, dealing with the transfer of liquor licenses from one place to another fell short of the standards required by Hornsby v. Allen, 5 Cir., 1964, 326 F.2d 605.

The *Block* opinion concluded as follows:

"But although we hold this invalid on *this* record, this is a long way from reversing with directions to enter a mandatory order. For the right of the state to regulate liquor is broad, Mayhue's Super Liquor Store, Inc. v. Meiklejohn, 5 Cir., 1970, 426 F.2d 142; California v. LaRue, 1972, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342, and the city of Macon should have an opportunity of enacting within a reasonable time[4]

[4] Of course, the District Court has full power to set deadlines and police good faith compliance even to the point of granting affirmative relief if footdragging occurs.

to be fixed by the Judge, an ordinance which will pass the *Hornsby* muster as to criteria and suitable hearing. We cannot forecast either the outcome under the new ordinance or its adequacy in a constitutional sense. That must be for another day—and if Macon does the job right, hopefully that day will never come."

The record in the instant case fails to show that the District Court set a deadline for the enactment of a new ordinance nor was there any policing of "good faith" compliance as set forth in *Block*.[1]

In October, 1973, Pupa petitioned the Mayor and Council of Macon to allow him to transfer his liquor license from downtown Macon to Napier Avenue. On October 30, the petition was denied because of objections from residents of the neighborhood. On March 16, 1974, the petition for transfer to a nearby location was approved by a 9 to 5 vote of the Council. The Mayor announced his intention to veto the approval but did not,

in fact, veto it because the court below took action before the veto could be entered. Dohn, a Councilman, was not present on March 16 but he announced that had he been present he would have voted against approving the transfer.

On April 16, 1974, the Court mandatorily enjoined the Mayor and Councilmen to issue the desired transfer not later than 5 o'clock of that day. This order was promptly complied with.

On April 26, the Court considered the matter of allowing attorney fees to Pupa. It allowed one-half of a $500 fee against the Councilmen who had voted against the transfer in October. The other half was assessed against the six Councilmen who voted against it in March (or said they would have done so had they been present) and against the Mayor for stating that he intended to veto it. The Mayor had no vote in the proceedings of October and March.

This resulted in a judgment against the Mayor, individually, for $35.71, and against Dohn, individually, for $58.44. They alone appeal.

Leaving aside the question of legislative immunity raised by the appellants, this award falls beneath the wheels of Alyeska Pipeline Service v. The Wilderness Society (1975), 421 U.S. 240, 258, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141, which held that in a case of this kind, attorney fees may be awarded only when the offending party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons".

In *Block*, this Court declined to order the desired transfer; it ordered the District Court to fix a reasonable time in which to enact an ordinance which would pass the *Hornsby* muster; and it directed that the District Court police good faith compliance.

None of this, so far as this record shows, had taken place.

Reversed.

---

1. Another District Judge handled the *Block* case.